IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| WALSH CONSTRUCTION COMPANY, ) | Case No. 4:13-cv-2428 |
| for Exoneration from or Limitation of ) | |
| Liability, ) | In Admiralty |
| ) | |
| ) | |
| Plaintiff-Petitioner. ) | |
| ) | |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW Plaintiff Walsh Construction Company ("Walsh"), by and through its undersigned attorneys, and respectfully states as follows:

1. This action arises under the laws of the United States providing for exoneration from or limitation of vessel owners' liability, 46 U.S.C. §§ 30501-30512, as applicable, and the various statutes, rules, and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1333.

2. The Flexifloat barge at issue in this case has been regularly operated by Walsh on the Missouri River within the geographical boundaries of this District, and that vessel was within the jurisdiction of this Court at the time this action was filed.

3. Venue is proper in this Court under Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims because the Flexifloat barge is found within this Judicial District at the time of the filing of this Complaint.

4. At all material times, Walsh owned the Flexifloat barge within the meaning of 46 U.S.C. § 30505.

5. At all material times, Walsh used due diligence to make the Flexifloat barge seaworthy, and it was, at the time of the incident described herein, tight, staunch, and strong and in all respects seaworthy and fit for the service in which it was engaged.

6. On June 1, 2013, the Flexifloat barge was moored at or about Mile 29 of the Missouri River. As a result of unusually high water and drift on the Missouri River, the Flexifloat barge broke away from its mooring and made contact with a railroad bridge at or about Mile 27.

7. The aforementioned incident and any resulting damage occurred either as a result of factors for which Plaintiff is not responsible, or were caused by or were contributed to be caused by acts or omissions of which Plaintiff lacked any privity or knowledge.

8. The Flexifloat barge has not been attached or arrested in any suit brought in connection with a claim arising out of the aforementioned incident. Plaintiff has not, to its knowledge, been sued in any district as a result of said incident.

9. On June 1, 2013, the date of the incident which gave rise to this exoneration and limitation of liability action, the value of the Flexifloat barge did not exceed One Million Five Hundred Forty-Seven Thousand Three Hundred Sixty-Two and no/100 dollars ($1,547,362.00). *See* Affidavit of Judy Pellicano attached hereto as Exhibit A. There was no freight then pending at the time of said incident. *See* Affidavit of Judy Pellicano attached hereto as Exhibit B. Therefore, the entire value of the interest of Plaintiff in the Flexifloat barge at the time of the aforementioned incident did not exceed the total sum of One Million Five Hundred Forty-Seven Thousand Three Hundred Sixty-Two dollars ($1,547,362.00).

10. Security for the value of the Flexifloat barge and its freight then pending is provided by the Letter of Undertaking attached hereto as Exhibit C.

11. Plaintiff claims and seeks exoneration from or limitation of liability for any loss, damages, or injury occasioned or incurred by reason of the aforementioned incident, and for any and all claims relating thereto, and Plaintiff alleges that it has valid defenses thereto on the facts and on the law, and to that end, Plaintiff is ready and willing to proceed according to law and pursuant to the rules and practices of this Honorable Court.

12. All and singular, the premises are true and are exclusively within the Admiralty and Maritime Jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiff prays that:

(a) This Honorable Court enter an Order approving the Stipulation for Costs in the amount of $1,000.00;

(b) This Honorable Court enter an Order approving the Security for Value in the form of a Letter of Undertaking in the amount of $1,547,362.00;

(c) Upon the filing of the foregoing, this Court issue an injunction restraining the commencement or prosecution of any and all actions, suits, or legal proceedings of any kind against Plaintiff, Plaintiff's agents or representatives, any person for whom Plaintiff is or may be responsible, Plaintiff's underwriters, the Flexifloat barge, and/or any other property owned by Plaintiff, arising from or relating to the incident recited in the above and foregoing Complaint other than in these proceedings;

(d) The Court issue a notice to all persons, firms, and corporations having or alleging to have claims by reason of the incident recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court on or before the date to be fixed by this Court and as specified in the notice or to be forever barred and permanently enjoined from making and filing any such claims; and to answer, all and singular, the allegations of this Complaint;

(e) The Court adjudge Plaintiff not liable for any damages, demands, or claims whatsoever in consequence of or arising out of or connected with the incident recited above and in this Complaint; or limit its liability, if any, to the value of the Flexifloat barge.

(f) The Court grant Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Theodore H. Lucas
Ronald E. Fox, #29487MO
Theodore H. Lucas, #38740MO
Jeremy T. Staley, #66254MO
FOX GALVIN, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)
rfox@foxgalvin.com
tlucas@foxgalvin.com
jstaley@foxgalvin.com

Attorneys for Plaintiff
Walsh Construction Company